```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
In re:                              Chapter 11

ROBERT P. RUGGIERO SR               Case No. 25-70416-las


              Debtor.               Hon. Louis A. Scarcella
-----------------------------------X
```

PLAN OF REORGANIZATION

ARTICLE I: SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Robert P. Ruggiero, Sr. from the net proceeds of sale of the debtor's non-exempt real property, the recovery of various receivables owed to the debtor's company, ARA Plumbing Inc. and, as required, periodic capital contribution from the non-exempt assets of the Debtor.

This Plan provides for two (2) classes of claims: (1) The Secured Claim of Plumbers Local Union No. 200 ("Local 200") and (2) General Unsecured Claims. The individual debtor shall not receive any dividends under the Plan. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at one (1%) percent in a lump sum payment on the Effective Date of this Plan. The Plan provides for the payment of administrative expenses which shall be paid in full, on the effective date of the Plan. Secured claims shall retain their respective liens and be paid in full from the proceeds of sale of the Debtor's property located at 11 Linden Street, Selden, New York. General unsecured claims are to be paid a dividend of one (1%) of allowed unsecured claims in cash on the Effective Date. Both classes of claims are impaired and will have the right to vote to accept or reject this Plan.

All holders of priority claims should refer to Article III of this Plan for information regarding the precise treatment of their claims. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and priority claim holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney you may wish to consult one).**

## ARTICLE II: CLASSIFICATIONS OF CLAIMS AND INTERESTS

2.1  All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2); gap period claims in an involuntary case under §507(a)(8) and priority tax claims under §506(a)(8) of the Code.

Class 1.   Secured Claim of Local 200.
Class 2.   General Unsecured Claims.

## ARTICLE III: TREATMENT OF ADMINISTRATIVE EXPENSES, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.1  Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code shall be paid in full on the effective date of the Plan in cash, or upon other terms as may be agreed upon by the holder of the claim and the Debtor.

3.2  Priority Tax Claims. Each holder of a priority tax claim shall be paid the total value, as of the effective date of the Plan, with interest thereon, over a term not to exceed five years from the petition date.

3.3  United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter under the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid in full on the effective date.

## ARTICLE IV: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.1  Claims and interests shall be treated as follows under the Plan:

Class 1.  Secured Claim of Local 200 - The secured Claim of Local 200, in the amount of $456,875.00, will be impaired by this Plan and, as such, Local 200 is therefore entitled to vote to accept or reject the Plan. Local 200 shall retain its lien against the Debtor's real property pursuant to 26 U.S.C. Section 6321. The Plan proposes to pay the Secured Class up to the secured portion of such claim including interest accrued thereon at the

prevailing rate of interest and will shall be paid in cash, from the proceeds of sale of the Debtor's homestead located at 11 Linden Street, Selden, New York.

Class 2. General Unsecured Claims, whose claims total $1,854,098.00, will be impaired by this Plan and are therefore entitled to vote to accept or reject the Plan. General Unsecured Creditors will be paid one (1%) percent of the amount of their allowed claim in cash on the Effective Date. The aggregate payment to Class 3 creditors shall be $18,540.98.

## ARTICLE V: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1 Disputed Claims. A disputed claim is a claim that has not been allowed of disallowed (by a final non-appealable order), and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contract and/or unexpired leases effective upon the effective date of the Plan as provided in Article VII or the date of entry of any order confirming the Plan. The Debtor has cured all monetary defaults under the executoly contract or unexpired lease that is to be assumed in accordance with the terms and conditions that are either (a)agreed to by the non-Debtor party to such executory contract or unexpired lease or (b)determined by the Court. The Debtor assumes the following executory contract and/or unexpired leases effective upon the effective date of the Plan as provided in Article VII or the date of entry of and order confirming the Plan: None

(b) The Debtor will have conclusively be deemed to have rejected all executory contracts and or unexpired leases not expressly assumed under section 6.1 (a) above, or before the date of the order confirming the Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later seven (7) days of the order confirming the Plan.

## ARTICLE VII: MEANS FOR IMPLEMENTATION OF THE PLAN

7.1 The funds required to pay the initial cash required on the Effective date of the Debtor's Plan will be sourced from the net proceeds of sale of the Debtor's non-exempt Florida property, the net proceeds of the Debtor's non-exempt property sold by ARA and any receivables of ARA recovered by the Debtor.

## ARTICLE VIII: GENERAL PROVISIONS

8.1 Definitions and Rules of Construction. The definitions and rules of construction set forth in §101 and §102 of the Code shall apply when terms defined or construed in the Code are stated in this Plan.

8.2 Effective Date of the Plan. The effective date of the Plan is the eleventh business day following the date the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that day on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.3. Severability. If any provision in this Plan is determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6. Controlling Effect. Unless the rules of law or procedure is supplied by Federal Law, (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York

govern the Plan and any agreements, documents and instruments executed in connection with the Plan, except as otherwise provided for in the Plan.

8.7. Corporate Governance. Pursuant to §1123(a)(b) the Debtor as a New York corporation, will amend its charter for the inclusion in its charter, a provision prohibiting the issuance of nonvoting equity securities.

ARTICLE IX: DEFAULT

9.1 The following shall constitute events of default under the Plan if said events continue uncured for a period of thirty (30) consecutive days after notice of said default is given to the Reorganized Debtor as provided in the Plan:
    (a) a petition is filed by or against the Reorganized Debtor under any chapter of the Bankruptcy Code or any proceeding is instituted by or against the Reorganized Debtor under any applicable state law for the appointment of a receiver, liquidation or dissolution of the Reorganized Debtor, or the Reorganized Debtor makes an assignment for the benefit of its creditors; provided, however, the Reorganized Debtor shall have the right to contest and defend in good faith by appropriate proceedings properly initiated and diligently conducted, any such petition or proceeding so filed against it, and no default shall be declared hereunder pending entry of a Final Order or judgment adverse to the Reorganized Debtor, so long as the Reorganized Debtor is in substantial compliance with the other substantive provisions of the Plan.
    (b) the Debtor or the Reorganization Debtor fails to perform or absolve or breaches any of the covenants, representations or warranties contained herein.
    ©) the Reorganized Debtor fails to make any distribution as provided in the Plan.
    (d) If the debtor (defined in this paragraph to also include any successor in interest): fails to (a) make to the IRS any deposit or payment of any (1) currently accruing employment tax liability, (2) tax or (3) payment required under this plan by the due date of such deposit or payment, or (b) file any required Federal tax return by the due date of such return, then the United States may declare that the debtor is in default upon notice to the debtor. Failure to declare a default does not constitute waiver by the United States Treasury of the right to declare that the debtor is in default. If the United States Treasury declares the debtor to be in default and full payment is not made or any required return is not filed within (30) days of such notice, then the entire imposed liability, together with any unpaid current liabilities,

shall become due and payable immediately, the IRS may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code or by any other procedure authorized by law, and any automatic stay under 11 U.S.C. Sec. 362(a) in effect is lifted for this purpose without further order of the Court.

      9.2 The occurrence of any event of default as defined in paragraph "9.1" of the Plan shall entitle any holder of an Allowed Claim which Claim has not previously been satisfied in full pursuant to the provisions of the Plan, upon ten (10) days written notice to the Debtor, pursuant to the provisions of the Plan, to declare the Plan terminated and of no further force and effect, and all of the distributions to holders of Allowed Claims, pursuant to Article IV of this Plan shall then become immediately due and payable. The failure or delay to declare an event of default shall not constitute a waiver or release of any right subsequently to declare the default by reason of such events or any other prior subsequent events of default.

- INTENTIONALLY LEFT BLANK -

ARTICLE X: DISCHARGE AND DISCLOSURE

10.1 Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debts: (I) imposed by this Plan: (ii) of a kind specified in §1141(d)(6)(A) in a timely complaint was filed in accordance with Rule 4007[c] of the Federal Rules of Bankruptcy Procedure: or (iii) of a kind specified in §1141(d)(6)(b).

Dated: Carle Place, New York
      July 8, 2025

                                      S/Robert P. Ruggiero

                                      Robert P. Ruggiero Sr

APPROVED AS TO FORM:

    s/Richard S. Feinsilver
By:_____
   Richard S. Feinsilver, Esq.
   Attorney for Debtor
   One Old Country Road, Suite 347
   Carle Place, New York  11514
   (516) 873-6330