UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                          Chapter 11

ROBERT P. RUGGIERO, SR.                          Case No. 8-25-70416-las

                    Debtor.

--------------------------------------------------------X


**FIRST STIPULATION OF SETTLEMENT OF DEBTOR'S OBJECTIONS TO CLAIM NOS. 20, 21, 22 AND 23, AND ESTABLISHING AMOUNT OF PRIORITY CLAIMS OF PLUMBERS LOCAL 200 PENSION, WELFARE, APPRENTICESHIP TRAINING, AND ADDITIONAL SECURITY BENEFIT FUNDS, FOR PURPOSES OF <u>DISTRIBUTION UNDER DEBTOR'S CONFIRMED PLAN OF REORGANIZATION</u>**

This Stipulation is made and entered into between Debtor and Plumbers Local Union No. 200 Pension Fund ("Pension Fund"), Plumbers Local Union No. 200 Welfare Fund ("Welfare Fund"), Plumbers Local Union No. 200 Apprenticeship Training Fund ("Training Fund"), and Plumbers Local Union No. 200 Additional Security Benefit Fund ("ASB Fund") (collectively, the "Funds").

<u>RECITALS</u>

A.      WHEREAS, on January 31, 2025, Debtor, Robert P. Ruggiero, Sr., commenced with the Bankruptcy Court a voluntary case under Chapter 11 of the U.S. Bankruptcy Code (the "Case"); and

B.      WHEREAS, on March 18, 2025, the Pension Fund timely filed its proof of claim no. 20 in this Case ("Claim No. 20"); and

C.      WHEREAS, on March 18, 2025, the Welfare Fund timely filed its proof of claim no. 21 in this Case ("Claim No. 21"); and

D.      WHEREAS, on March 18, 2025, the Training Fund timely filed its proof of claim no. 22 in this Case ("Claim No. 22") ; and

E. WHEREAS, on March 18, 2025, the ASB Fund timely filed its proof of claim no. 23 in this Case ("Claim No 23"); and

F. WHEREAS, on May 13, 2025, Debtor filed an Objection seeking an Order reducing each of the Funds' Claim Nos. 20, 21, 22 and 23 (ECF 35; as amended, ECF 38) (the "Claims Objection"); and

G. WHEREAS, on July 3, 2025, the Funds filed Opposition to Debtor's Claims Objection (ECF 42); and

H. WHEREAS, on July 7, 2025, Debtor filed a Reply in further support of the Claims Objection (ECF 45); and

I. WHEREAS, on July 3, 2025, Debtor filed a Second Objection seeking an Order reducing each of the Funds' Claim Nos. 20, 21, 22 and 23 (ECF 43) (Debtor's "Second Claims Objection"); and

J. WHEREAS, ARA Plumbing, Inc.("ARA"), the Debtor's company, is jointly and severally liable on all of Debtor's obligations to the Funds; and

K. WHEREAS, as of the Petition Date, ARA had certain accounts receivable relating to various jobs undertaken by ARA pre-petition (the "Projects"); and

L. WHEREAS, the Funds, by counsel, filed claims against payment bonds covering unpaid hours of work for fringe benefit contributions and working dues and assessments for ARA employees who worked on certain of those Projects for ARA ("Bond Claims"), and have recovered certain monies from such Bond Claims (the "Recoveries"); and

M.	WHEREAS, the Debtor and the Funds have met and conferred regarding the Recoveries, the Claims Objection and the Second Claims Objection, and have agreed as follows, subject to Bankruptcy Court approval.

## **STIPULATION**

**NOW, THEREFORE,** in consideration of the foregoing, Debtor and the Funds hereby stipulate as follows:

1.	Upon confirmation of the Debtor's last filed Plan of Reorganization by the Court (the "Plan" and "Plan Confirmation"), and subject to future potential reduction based on such further Recoveries as may be obtained by the Funds from Bond Claims that cover additional hours of work applicable to the Pension Fund's priority claim asserted in its Claim No. 20, the amount of the Pension Fund's allowed priority claim under 11 U.S.C. §507(a)(5), for purposes of Plan distribution pursuant to the Pension Fund's Claim No. 20, shall be reduced from $68,826.46 as set forth in Claim No. 20, to $25,499.31, effective upon Plan Confirmation.  The Pension Fund's general unsecured portion of its Claim No. 20 shall be allowed in the amount as set forth in Claim No. 20, in the amount of $40,981.94, for purposes of Plan distribution as a general unsecured claim under Claim No. 20.

2.	Upon Plan Confirmation, and subject to future potential reduction based on such further Recoveries as may be obtained by the Funds from Bond Claims that cover additional hours of work applicable to the Welfare Fund's priority claim asserted in its Claim No. 21, the amount of the Welfare Fund's allowed priority claim under 11 U.S.C. §507(a)(5), for purposes of Plan distribution pursuant to the Welfare Fund's Claim No. 21, shall be reduced from $153,219.17 as set forth in Claim No. 21, to $63,105.61, effective upon Plan Confirmation.  The Welfare Fund's general unsecured portion of its Claim No. 21 shall be allowed in the amount as set forth in Claim No. 21, in the amount of $90,784.50, for purposes of Plan distribution as a general unsecured claim under Claim No. 21.

3.      Upon Plan Confirmation, and subject to future potential reduction based on such further Recoveries as may be obtained by the Funds from Bond Claims that cover additional hours of work applicable to the Training Fund's priority claim asserted in its Claim No. 22, the amount of the Training Fund's allowed priority claim under 11 U.S.C. §507(a)(5), for purposes of Plan distribution pursuant to the Training Fund's Claim No. 22, shall be reduced from $12,877.23 as set forth in Claim No. 22, to $4,766.89, effective upon Plan Confirmation.  The Training Fund's general unsecured portion of its Claim No. 22 shall be allowed in the amount as set forth in Claim No. 22, in the amount of $6,578.95, for purposes of Plan distribution as a general unsecured claim under Claim No. 22.

4.      Upon Plan Confirmation, and subject to future potential reduction based on such further Recoveries as may be obtained by the Funds from Bond Claims that cover additional hours of work applicable to the ASB Fund's priority claim asserted in its Claim No. 23, the amount of the ASB Fund's allowed priority claim under 11 U.S.C. §507(a)(5), for purposes of Plan distribution pursuant to the ASB Fund's Claim No. 23, shall be reduced from $7,020.30 as set forth in Claim No. 23, to $2,662.90, effective upon Plan Confirmation.  The ASB Fund's general unsecured portion of its Claim No. 23 shall be allowed in the amount as set forth in Claim No. 23, in the amount of $4,128.45, for purposes of Plan distribution as a general unsecured claim under Claim No. 23.

5.      This Stipulation may be amended by the parties as to any above-stated reductions or modifications to Claim Nos. 20, 21, 22 or 23, to the extent that any further Recoveries are obtained by the Funds on Bond Claims that cover additional hours of work applicable to any of the Funds' priority claims asserted in Claim Nos. 20, 21, 22, or 23, prior to Plan Confirmation.

6. Upon this Stipulation being "So Ordered" by the Court, or otherwise upon the Court's approval of this Stipulation on the docket in this Case, Debtor hereby withdraws his Claims Objection (ECF 35; as amended, ECF 38), and his Second Claims Objection (ECF 43), without the need for further action by the Court, by Debtor, nor by any of the Funds.

Dated: Carle Place, New York
August 18 , 2025

s/Richard S. Feinsilver

_____

Richard S. Feinsilver, Esq.
Counsel for Debtor
One Old Country Road, Suite 347
Carle Place NY 11514
516-873-6330
feinlawny@yahoo.com

Dated: Melville, New York
August 18, 2025

ARCHER, BYINGTON, GLENNON & LEVINE, LLP.

s/John H. Byington III

By:    _____

John H. Byington III
Archer, Byington Glennon & Levine LLP
Attorneys for Plumbers Local 200 Benefit Funds
534 Broadhollow Road, Suite 430
Melville, New York 11747
(631) 249-6565
jbyington@abgllaw.com

SO ORDERED:

Dated: August 20, 2025
Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge

789798

5